Tucker, P.
Nothing can be more obvious than the impossibility of proceeding with a suit, however well brought, where there are no parties before the court, or where one of them is no more, and has not, and cannot have, any person to represent him. If this be the case where the charter of a corporation has expired or been dissolved, it must follow that the appeal, and the suit itself, must abate. Now, it seems undeniable, that there is no person at this time capable of representing the Union Factory. Where a corporation is sued, the president and directors are brought before the court to represent it, for as it is a body only in contemplation of law, there is no other way in which it can bo sued. But when its charter expires, it ceases to have a president and directors. Their powers wither with the termination of the existence of the body of which they are but members. Nor can a new president and new directors ever be elected, as the corporation itself is extinct. Thus, then, the company neither has, nor ca.n have, any representative in court, to assert or protect its interests, if indeed it continued to have any. But this it cannot have according to law. For it is beyond question, that its power to hold property in the character of a corporation, is gone at the instant of the termination of its existence. Whether its property reverts to the donors, or to the stockholders, or to the commonwealth as derelict, there seems to be no doubt, that it no longer remains in the corporation as such. Without express legislative enactment, this imaginary creature of the law never could have held property at all. It can, therefore, only hold it so far as it is given, and for so long a time as it is permitted by the charter which gave it existence. But the charter authorizes it to hold property, and to sue and be sued, for twenty years and no longer. After that time, therefore, it can hold no property. And this furnishes an additional a,nd conclusive reason for the abatement of suits for it or against it. *156 For, if no longer entitled to hold property, no. judgment for money or other thing should be given in its favour, and if it has no property, every judgment against it must be fruitless and futile. Therefore, without going jntQ tke perplexing inquiries which suggest themselves naturally to the mind, as to the effect of the dissolution of a corporation upon its effects and its contracts, we feel ourselves warranted in saying, that where the charter of a corporation expires during the pendency of a suit, the suit must abate, whether the company be plaintiff or defendant. Accordingly, in this case the suit must be abated and the abatement certified to the court of chancery.
It may be proper to add, that it appears to us to be peculiarly desirable, in a country where numerous companies are , annually incorporated for a limited number of years, that the legislature should provide in detail, what shall be the effect of the expiration or other determination of their charters, instead of leaving that matter to the embarrassment and the obscurity of common law principles. According to them, the debts of a corporation either to it or from it are extinguished by its dissolution; nor are the members liable, in their individual characters, for any portion of the debts of the corporation; 1 Lev. 237. The lands of the corporation revert to the donors ; 1 Black. Comm. 484. The personalty, it is supposed, goes to the commonwealth. If these things be so (and there is no reasonable doubt about it) they are grossly unjust. It cannot be just, that the. members of a joint stock company should forfeit their property to the commonwealth by the expiration of their charter. It cannot be just, that the land which they have purchased and paid for, should revert to the grantor who has already received value for it. It cannot be just, that those who are indebted to the corporation (a bank for instance) should be absolved from their engagements ; and still less, that by a forfeiture of its *157 charter, those to whom it is indebted should lose their just demands. To avoid all those consequences, the first bank of the United States transferred its funds and property, before its dissolution, to trustees for the benefit of the stockholders. But, it is believed, that the necessity of some such succedaneum is not very generally adverted to, and would therefore be wisely avoided by some general legislative provision on the subject. In the meantime, we must proceed upon common law principles, and in doing so, we must direct this appeal to be abated.